[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17229
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cr-00141-GAP-GJK-14

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN GRODEN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 31, 2018)

Before MARCUS, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Steven Groden appeals his conviction for conspiracy to transfer funds internationally to promote specified unlawful activity, in violation of 18 U.S.C. § 1956(h), challenging the district court's denial of his Fed. R. Crim. P. 29 motion

for judgment of acquittal. On appeal, he argues that the district court erred in denying his Rule 29 motion for judgment of acquittal because the evidence presented at trial was weak, limited, and insufficient to sustain a conviction. After thorough review, we affirm.

The denial of a motion for judgment of acquittal is reviewed de novo. United States v. Evans, 473 F.3d 1115, 1118 (11th Cir. 2006). In reviewing the denial of a motion for acquittal, we ask whether, after viewing the evidence in the light most favorable to the government, could any rational trier of fact have found all the essential elements of the crime beyond a reasonable doubt. United States v. Eckhardt, 466 F.3d 938, 944 (11th Cir. 2006).

In order to convict a defendant for conspiracy to commit money laundering under § 1956(h), the government must prove that: (1) two or more persons agreed to commit money laundering; and (2) that the defendant knowingly and voluntarily joined the conspiracy. See 18 U.S.C. § 1956(h); United States v. Martinelli, 454 F.3d 1300, 1310 (11th Cir. 2006). Further, to obtain a conviction for transferring funds internationally to promote specified unlawful activity, under § 1956(a)(2)(A), the government must prove the defendant (1) transported, transmitted, or transferred money internationally, (2) with the intent to promote a specific unlawful activity. See 18 U.S.C. § 1956(a)(2)(A).

2

Here, the district court did not err in denying Groden's motion for judgment of acquittal on the charge of conspiracy to transfer funds internationally to promote specified unlawful activity -- which, in this case, was the manufacture and distribution of steroids. At trial, a law enforcement officer testified that Groden's co-defendant, Vincent Sperti, had been involved in manufacturing steroids with raw materials procured from China and selling those steroids to customers in the United States through a website on the "dark web." Groden admitted at trial that he had purchased steroids from Sperti, and other witnesses testified that Groden had attended a meeting of Sperti's where the steroid business was discussed, indicating that Groden was aware of Sperti's business selling steroids. These witnesses also testified that Sperti had asked them to send money to China for him, and that they had done so using their real identities, or after giving Sperti permission to use their real identities. Groden's name was found in Western Union records associated with three transactions to China, and Groden admitted that when a different transfer had failed, he had gone to recover the funds for Sperti and had exchanged text messages with Sperti to return the money. Sperti testified that when he picked up the money from Groden, he had paid Groden in steroids for the pickup and had used the returned money to continue his steroid trafficking to send more money to China.

3

On this record, a rational trier of fact could have viewed this evidence as proof, if the government proved beyond a reasonable doubt that Groden's identity was used, that Groden had either conducted at least one of the transfers to China or approved the use of his identity for the transfer.  Moreover, a rational trier of fact was entitled to infer that Groden's knowledge and willingness to pick up the money for Sperti meant that he knowingly and voluntarily joined the conspiracy. See 18 U.S.C. § 1956(h); Martinelli, 454 F.3d at 1310.  Thus, after viewing the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor, we conclude that the jury could have found, beyond a reasonable doubt, that the government presented sufficient evidence to sustain Groden's conviction.  Eckhardt, 466 F.3d at 944.

**AFFIRMED**.